Filed 7/13/15  P. v. May CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LEWIS MAY,<br><br>     Defendant and Appellant. | H041740<br>(Santa Clara County<br>Super. Ct. No. C1120473) |

On June 3, 2014, defendant Robert Lewis May pleaded guilty to one count of committing a lewd or lascivious act on a child under 14 years of age (Pen. Code, § 288, subd. (a), count 1) and two counts of committing a lewd or lascivious act on a child aged 14 or 15 (*id*., § 288, subd. (c)(1), counts 2 & 3).  He was sentenced to the middle term of six years on count 1, along with concurrent two year terms on both counts 2 and 3.  He was also ordered to pay a restitution fine of $3,600 and fines pursuant to Penal Code section 1465.8 and Government Code section 70373.

We appointed counsel to represent May in this court.  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues.  We notified May of his right to submit written argument in his behalf within 30 days, and he has filed a letter brief claiming he was misled regarding the terms of his plea agreement and his trial counsel rendered ineffective assistance.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 we have reviewed the entire record and have concluded there are no arguable issues.  We will provide "a brief

description of the facts and procedural history of the case, the crimes of which defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 110.) Pursuant to *Kelly*, we will consider May's letter brief and will explain why we reject his contentions. (*Id*. at p. 113.)

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The victim (victim) was 19 years old at the time of the preliminary examination in August 2012. Victim testified that May, her uncle, had touched her inappropriately five times when she was a child.

The first incident occurred when she was 12 years old and, along with her brother, had driven to the mountains with May. While her brother slept in the back seat, May placed his hand on her inner thigh, close to her crotch, as he drove. Victim said he kept his hand there for perhaps 30 minutes.

The second incident took place when victim was 13 or 14 years old. She was seated in a chair at May's worksite when he came up to her, lifted her shirt and rubbed and kissed her stomach, before unbuttoning her pants. She got frightened and got up to use the restroom. When she returned, May laughed and said she should "watch out or he would steal her virginity." May told her that they had not done anything wrong, and if she told anyone what had happened, he could get in trouble.

About a year later, when victim was 14 years old, she was lying on the couch at May's house watching television one evening. May lay down behind her and put his arms around her. He put his hands on her stomach, under her shirt, and pressed his face against her neck. Victim was very uncomfortable and told May she had to go to the bathroom. When she returned, she sat in a different location.

---

[1] Since May pleaded guilty, we take the facts from transcript of the preliminary hearing and the probation officer's report.

2

When victim was in high school she took a trip to Reno with May to look at a university. She was not yet 18, but thought she was probably a senior in high school at the time. They stayed in the same hotel room which had two beds. While victim was lying on one of the beds watching television, May straddled her and began rubbing her back underneath her pajamas. He tried to unfasten her bra at which point she made some excuse to move away from him.

The last incident victim remembered occurred when she was 17 and was staying at May's house. She was lying on an air mattress in the living room watching television when May lay down next to her and rubbed her stomach and breasts under her clothing. He told her he thought her bellybutton ring was sexy. She could feel his erect penis against her body. May told her he and his wife had not had sex for months. Victim moved away from him and May gave her a hug, saying "Thank you. I was feeling really lonely. Thanks for cuddling with me."

Victim also said that May had, on various occasions, made comments to her about her body which made her feel uncomfortable. He commented on her breasts, telling her she had a "nice rack," and also told her she had a "nice ass" or a "hot ass."

On September 7, 2011, victim participated in a pretext call with May. She told him she did not understand what he was thinking when he touched her on the occasions described above. May apologized to her and admitted he was sexually attracted to her. He told victim he loved her and "If [he] could take it all back, [he] would take it all back."

May's letter brief argues reversal is necessary because he was not properly advised of the consequences of his plea. He claims his trial counsel told him that he was agreeing to a plea deal with a "top" and "bottom" term and that he would be "getting the low end of the plea which is, 1 year, of which 6 months are served in county [jail]." He subsequently claims his tax lawyer told him that he had actually signed an "open" plea and should ask to withdraw it. May asked his trial counsel to withdraw his plea, but she

refused to do so. May was "shocked" to hear that the probation report recommended a six-year sentence.

The record does not support May's contentions. He signed and initialed a plea form in which he acknowledged he could receive a maximum sentence of nine years and four months if convicted on the charges, but that he was agreeing to plead guilty in exchange for a sentence of "probation up to 8 years [in] prison." During the plea hearing, the trial court advised May that "the [sentencing] range could include anything from probation up to eight years in prison." Additionally, the court advised May that it was "giv[ing] no indication . . . of what the sentence would be at this time." May verbally acknowledged he understood these statements, admitted he signed and initialed the waiver of rights, and told the court he had no further questions of his trial counsel or of the court. Therefore, we find May was adequately advised of the rights he was waiving and the consequences of his plea.

May also claims his trial counsel rendered ineffective assistance. Like his claim that he was misadvised about the terms of his plea agreement, this assertion is unsupported by the record. The California Supreme Court has "repeatedly stressed 'that "[i]f the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

In addition to considering the arguments set forth by May in his letter brief, we have also conducted an independent review of the record pursuant to *Wende* and *Kelly* and have concluded there are no arguable issues on appeal.

## II.    DISPOSITION

The judgment is affirmed.

_____

Walsh, J.[*]

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

---

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.